UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GARY LANE EISENMANN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:23-cv-01623 (UNA) |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of petitioner's *pro se* "petition for redress of grievances," ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons stated below, the IFP application will be granted, and this matter will be dismissed without prejudice.

Petitioner is a prisoner in the custody of Arizona Department of Corrections, and he was convicted and sentenced in Arizona state court. He has filed a 91-page rambling and prolix petition that contains conclusory statements and asks this Court conjectural questions, such as, "[i]s Arizona part of a confederation in violation of Article I, § 10?" He cites to a litany of legal authority, and includes labels and phrases that suggest potential claims, but the petition is, in fact, a tangled mass of broad assertions. At root, petitioner challenges his state conviction, alleging that the Arizona court that convicted and sentenced him lacked subject matter jurisdiction because it allegedly had a "direct pecuniary interest in the out[come] of [his] case[,]" rendering his conviction null and void. He demands that this Court "dismiss and vacate" his conviction and release him from state custody. This Court, however, has no jurisdiction to do that.

Petitioner's recourse in federal court, if any, falls under the auspices of habeas corpus, but federal court review of state convictions is available under 28 U.S.C. § 2254 only after the exhaustion of available state remedies. 28 U.S.C. § 2254(b)(1). Thereafter, "an application for a writ of habeas corpus [ ] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [petitioner] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). Consequently, if and when petitioner has exhausted his state remedies, he must seek relief in the United States District Court for the District of Arizona.

For these reasons, the Court dismisses the petition, and this matter, without prejudice. A separate order accompanies this memorandum opinion.

Date: July 11, 2023

TREVOR N. McFADDEN
United States District Judge